IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff

vs

ALVIN RAMIREZ DE JESUS
Defendant

CRIMINAL 18-0008CCC

**OPINION AND ORDER**

Before the Court is defendant Alvin Ramírez de Jesús' ("Ramírez de Jesús") Motion to Change Venue[1] (**d.e. 17**) under Fed. R. Crim. P. 21 filed on May 10, 2018 and the United States' Response in Opposition (d.e. 27) filed on June 15, 2018. For the reasons set forth below, Ramírez de Jesús motion is DENIED.

**I.    BACKGROUND**

Ramírez de Jesús is charged with threatening to assault and murder United States Probation Officer ("U.S. Probation Officer") D.R.C. with intent to interfere with the performance of her official duties and to retaliate against her for performing said duties, in violation of 18 U.S.C. § 115(a)(1)(B). D.R.C. is Ramírez de Jesús' former probation officer. He stands accused of making threatening statements against her to his case manager at GuaraBi, Inc., an independent contractor hired by this Court to provide inpatient drug-treatment to persons on probation.

---

[1] Titled by defendant as "Motion Requesting Recusal or Disqualification of Puerto Rico District Judges and Transfer of Venue."

Ramírez de Jesús "argues that because the persons involved in this case are Court employees, there is an actual prejudice against him and therefore a change of venue is warranted." (d.e. 17, p. 4). He claims that "the probability of actual bias on part of the District Court's staff and the jury due to the facts of the case, the potential witnesses and the alleged victims, and the Puerto Rico District Probation Officers' relationship with the Honorable Court is too high to be constitutionally tolerable . . ." *Id.* at p. 8. He contends that "[t]his case presents very unusual circumstances" (*Id.* at p. 9) because the victim is a U.S. Probation Officer and "most, if not all, of the potential witnesses" (*Id.*) are associated with this Court or as he puts it, are part of the "District Court Family". *Id.* at 10. These circumstances, according to Ramírez de Jesús, "makes this venue inappropriate for conducting an impartial and fair trial as required by Rule 21." *Id.* at 11. We disagree.

## II.  LEGAL STANDARD

Rule 21 enables a defendant to move for transfer of his trial to another district either (a) for prejudice or (b) for convenience.

Rule 21(a) requires a Court to "transfer the proceeding against the defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." "Venue change on grounds of prejudice will be deemed appropriate where there is an ever-prevalent risk that the level of prejudice permeating the trial setting is so dense that a defendant cannot possibly receive an impartial trial." *United States v. Quiles-Olivo*,

684 F.3d 177, 182 (1st Cir. 2012). This "mandatory transfer provision" "has been applied almost exclusively in cases in which pervasive pretrial publicity has inflamed passions in the host community past the breaking point." *United States v. Walker*, 665 F.3d 212, 223 (1st Cir. 2011).

Rule 21(b) in turn permits the transfer to another district "for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." This Court has made it clear that Rule 21(b) requires "a defendant demonstrate[] that the change is *both* convenient *and* in the interest of justice, '[g]iven that Rule 21(b) lists 'convenience' and 'interest of justice' conjunctively.'" *United States v. Pereira*, No. CR 12-413(FAB), 2018 WL 2085228, at *3 (D.P.R. May 4, 2018) (citing *Walker*, 665 F.3d at 224.

### III. DISCUSSION

Ramírez de Jesús has failed to show that the circumstances of this case are so prejudiced that we are compelled to transfer it to another district. He acknowledges that "[t]he mere fact that the victim of the crime is a court employee in the district is not, in and of itself, a reason sufficient to compel a transfer of venue." (d.e. 17, p. 4) (citing *Walker*, 665 F.3d at 223). He nonetheless argues that it would be appropriate to do so here because of the Court's relationship to the United States Probation Office. In his eyes, given that the victim and certain witnesses are U.S. Probation Officers are court employees, the government would have an unfair advantage at trial.

Ramírez de Jesús focuses disproportionately on the USPO's interactions with the Court as an advantage instead of presenting evidence demonstrating

that "pretrial publicity has inflamed passions in the host community past the breaking point," such that it would be impossible to empanel an unbiased jury of his peers. In overestimating the esteem with which the Court holds probation officers merely by the fulfillment of their duties, he fails to point to any fact suggesting his case has garnered any publicity at all. There is simply "no hint [] that the contretemps between [D.R.C.] and [himself] ha[ve] captured the attention of the wider community or that pretrial publicity had tainted the jury pool." *Walker*, 665 F.3d at 223.

The fact that certain witnesses work for an independent contractor offering inpatient treatment services does not address the prejudice standard under Rule 21(a) either. Ramírez de Jesús essentially asserts that since most of the witnesses for his case offer services to the Court in criminal cases, the jury will give their testimony added weight and he will not get a fair trial. However, as the First Circuit has noted, "[a]ny concerns about an artificial inflation of [a witness]'s credibility due to either her position at the courthouse or her relationship with [the Court] easily [can be] addressed by cautionary instructions." *Walker*, 665 F.3d at 224.

Ramírez de Jesús relies on the potential witnesses' relationship with the Court to also justify that transferring his case would be 'in the interest of justice' under Rule 21(b). However, in so doing, he "has not alleged that a change of venue would [] convenience[] the parties, the victims, or any of the witnesses. Rule 21(b) links the two requirements—convenience and the interest of justice—and when a rule lists two requirements in the conjunctive, both must

CRIMINAL 18-0008CCC					5

be satisfied." *Id*. Having failed to provide reasons a transfer would be convenient, his motion falls short of the standard under Rule 21(b) as well.

**IV.	CONCLUSION**

For the reasons stated herein, Ramírez de Jesús' motion requesting recusal of all judges for the District of Puerto Rico and transfer of venue under Rule 21 is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on July 2, 2018.

							S/CARMEN CONSUELO CEREZO
							United States District Judge